GRIMES, Justice.
We have for review Visage v. State, 664 So.2d 1101, 1102 (Fla. 1st DCA 1995), wherein the district court of appeal certified the following question to be of great public importance:
MAY A DEFENDANT BE MENTALLY COMPETENT TO STAND TRIAL YET STILL LACK THE ABILITY TO MAKE AN INTELLIGENT AND UNDERSTANDING CHOICE TO PROCEED WITHOUT COUNSEL UNDER FLORIDA RULE OF CRIMINAL PROCEDURE 3.111(D)(3)?
We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.
Both parties concede that it is well settled that a defendant may be competent to stand trial yet lack the ability to knowingly and intelligently waive counsel. See, e.g., Johnston v. State, 497 So.2d 863 (Fla.1986); Muhammad v. State, 494 So.2d 969 (Fla.1986), cert. denied, 479 U.S. 1101, 107 S.Ct. 1332, 94 L.Ed.2d 183 (1987); Goode v. State, 365 *736 So.2d 381 (Fla.1978), cert. denied, 441 U.S. 967, 99 S.Ct. 2419, 60 L.Ed.2d 1074 (1979). We agree and therefore discharge jurisdiction.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, HARDING, WELLS and ANSTEAD, JJ., concur.